JUAN ENRIQUE SOLTERO, Appellant, v. THE PUBLIC SERVICE COMMISSON OF PUERTO RICO and THE FAJARDO SUGAR COMPANY OF PUERTO RICO, Appellees.

No. 10104.   Argued May. 5, 1950.—Decided May 19, 1950.

Virgilio Brunet for appellant.   Sifre, Franceschi & Sifre and Rafael Pastor for The Fajardo Sugar Co., appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Acting under the authority of Act No. 11 passed on April

9, 1941 (Sess. Laws, p. 338),[1] the Public Service Commission of Puerto Rico appointed the appellant herein on April 5, 1943, special accountant of the Commission so that he would perform an investigation of the books, accounts, practices, and activities of the various sugar mills, among which was the Fajardo Sugar Company. The work to be performed by Mr. Soltero and his assistants was specified in the letter of appointment, the following being added:

"16. You and your assistants should be ready to testify at the corresponding hearings.

"17. The procedure to be followed with regard to your compensation is fixed by Act No. 11 of 1941. You may send the estimate of the value of your services or your recommendations monthly or once the investigation of each mill has been finished."

Upon finishing his investigation of the books of the Fajardo Sugar Company, Soltero submitted to the Commission his bill for $15,028.15, which was paid by the sugar mill according to the provisions of § 2 of Act No. 11 of 1941, *supra*, which in its pertinent part provides that "Every public-service enterprise shall pay to the Public-Service Commission, within the term of fifteen days from the notification made in the manner herein prescribed, the amount of the

---

[1] Section 1 of said Act provides:

"The Public Service Commission is hereby fully empowered, in any proceeding that it may have before it instituted on its own initiative or by virtue of complaint or by petition of any entity which, in the judgment of the Public Service Commission, should be investigated, to employ competent and temporary additional personnel to make all investigations which it may deem necessary of the books, accounts, practices, and activities of any public-service enterprise under its jurisdiction, as well as to make assessments of its properties, and the extraordinary expenses without appropriation by law that there might be for such reason shall be borne by the enterprises investigated. The Public Service Commission shall determine the expenses mentioned and shall present to the enterprises affected the corresponding accounts, forwarding same to them by registered mail upon the termination of each investigation or assessment, or otherwise from time to time during the course of said investigation. The accounts thus rendered shall constitute a notification of the expense incurred and a demand for payment."

special expenses charged against it in the said notification; . . ."

On June 13, 1944, Mr. Soltero submitted to the Commission an additional bill for the amount of $1,892.75 for his fees and those of his assistant for having appeared as witnesses at the hearings on the rates of the Fajardo Sugar Co. held by the Commission during the period between April 24 and June 7, 1944, also including in said amount, the meals and travelling expenses. Having been notified with a copy of said bill the Fajardo Sugar Co. opposed the latter [2] alleging that it was not obliged to pay as Mr. Soltero's appearance as expert of the Commission at the hearings held, was not one of the expenses specified in § 1 of Act No. 11 of 1941, *supra*, which the central was bound to pay. After a hearing, the Commission dismissed Mr. Soltero's petition for additional fees. After having made reference to paragraph 16 of the letter of appointment, *supra*, the Commission stated in its order that ". . . it is a duty of the Accountant appointed to perform the investigation to testify at the hearings connected with the investigations carried out by him and his assistants without being entitled to any additional compensation other than the fees and expenses of the investigation of the books and accounts of the company affected..."

Feeling aggrieved, the petitioner appealed to the District Court of San Juan [3] which affirmed the order of the

---

[2] Section 5 of Act No. 11 of 1941 provides:

"Within the term of fifteen days counting from the date on which an account is sent by registered mail to any public-service enterprise, said enterprise may file with the Public Service Commission the objections which it may have, specifying in detail the reasons for considering that said account is excessive, erroneous, illegal, or void. Upon the receipt of such objections the Commission shall proceed immediately to fix a date for the holding of a hearing in connection therewith, which hearing shall be fixed within the next ten days counting from the date of the order which the Commission may issue to that effect. The decision rendered by the Commission on the objections referred to shall be of a final and executive character in the same form and manner as the original account."

[3] See § 78 of Act No. 70 of December 6, 1917.

Commission because in its opinion the same "is reasonable and conforms to the law."[4]

From this judgment the present appeal has been taken.[5]

The appellant maintains that the lower court erred in deciding that the order of the Commission is reasonable and conforms to law and in dismissing his appeal. The two errors pointed out involve a single legal question, that is, was the appellant entitled under the terms of the letter appointing him special accountant to charge additional fees for his appearance as witness at the hearings on the rates of the Fajardo Sugar Company, held by the Public Service Commission in such a way as to make said sugar mill responsible for their payment under § 1 of Act No. 11 of 1941. *supra?*

In harmony with the terms of paragraph 16, *supra,* of the letter of appointment, we are of the opinion that the Public Service Commission, which wrote the letter, was justified in interpreting it in the sense it did, that is, that the appellant was compelled, as part of his investigation work on the books of the Fajardo Sugar Co., to appear as witness of the Commission without said sugar mill being obliged to pay the additional compensation claimed by the appellant. We believe that the decision of the Commission in that sense is reasonable and in accordance with the law, in this case, § 1 of Act No. 11 of 1941, *supra,* and that it did not err in so deciding. It should be noted that according to the above-mentioned Section, in authorizing the Commission to employ competent additional personnel, the Legislature limited said authorization as follows: ". . . to make all investigations which it may deem necessary of the books, accounts, practices, and activities of any public service enterprise under its jurisdiction as well as to make assessments

---

[4] Section 83 of Act No. 70 of 1917, *supra,* provides:

"*Record as Evidence.*—At the hearing of the appeal the said court shall, upon the record certified to it by the commission, determine whether or not the order appealed from is reasonable and in conformity with law."

[5] See § 90 of Act No. 70 of 1917.

of its properties. . .," the enterprises under investigation being responsible for any additional expenses resulting from the work done in said activities. The law does not say that they must pay for the expenses which may be incurred by the Commission in the hearings on rates held as a result of the investigations and assessments already performed by the additional personal employed. The Commission could not lawfully compel the Fajardo Sugar Co. to pay for appellant's additional bill.

The judgment will be affirmed.

Mr. Justice Snyder did not participate herein.